### No. 1646.—Succession of W. J. McArthur.

The functions of the attorney for absent heirs ceases when the heirs present themselves, and are recognized and put into possession of the succession by order of the court.

APPEAL from the Second District Court of New Orleans. *Thomas, J. M. C. Dunn*, attorney for absent heirs, appellant, *W. W. Handlin*, attorney in fact, appellee.

WYLY, J. On the tenth April, 1867, Robert J. Duffy was appointed

curator of the vacant succession of Wm. J. McArthur, and M. C. Dunn, Esq., was appointed attorney of absent heirs.

On the eighteenth of April the curator filed an account and tableau showing the assets and liabilities of the succession, praying that the same be homologated, and he be authorized to settle the succession in accordance therewith.

The attorney of absent heirs filed an opposition to this account, com-.plaining of the excessive amounts allowed the creditors respectively, except the item of twenty-five dollars allowed him for fees as attorney of absent heirs, which he averred was not equal to the value of his services, the same being worth one hundred dollars.

In the mean time, to wit, on the twenty-seventh of April, 1867, Augustus E. McArthur, as sole surviving parent of the deceased, and as guardian of his minor children, was recognized by the court as sole surviving heir of the deceased, and ordered to be put in possession of the property of the succession.

The heirship was fully proved, the curator and the attorney of absent heirs cross examining the witness.

On the same day the said Augustus E. McArthur appointed William W. Handlin, Esq., attorney in fact, conferring upon him full power to collect, receipt for and settle with the curator of the estate of William J. McArthur, and specially authorizing him to dismiss all oppositions to the tableau, and to have the attorney of absent heirs dismissed, and to allow all the claims on the tableau to be paid. And the said McArthur on the same day appeared before Robert J. Ker, notary public, and made due and legal acknowledgment that he signed and executed the power of attorney for the purposes therein specified as his voluntary act.

On the twenty-seventh November, 1867, a full and complete settlement was made with said agent of Augustus E. McArthur, and a sum of money paid over to him. It was stipulated that all the claims on the tableau should be allowed, and the opposition of the attorney of absent heirs be dismissed. This covenant fully carried out the object of the order requiring the heirs to be put in possession.

Notwithstanding the settlement as aforesaid, the attorney of absent heirs continued his opposition, which was finally overruled by the court, and the account of the curator homologated.

The attorney of absent heirs has appealed from the judgment homologating the account, allowing fifty dollars fee to him, and also from the judgment recognizing the heirs, and ordering them to be put in possession of the property.

The creditors have been paid, and the property turned over to the heirs by order of the court.

We cannot see by what authority the attorney of absent heirs continued his opposition. After the heirs had appeared and appointed an attorney at law and attorney in fact to represent them, after they had been recognized as the heirs, and ordered to be put in possession of the property, the duties of the attorney of absent heirs terminated. He

had no one else to represent. Those for whom he was appointed to act had appeared, been recognized as the heirs by the court, and had made a settlement for themselves with the curator.

There are no allegations that there are other heirs in fraud of whose rights the settlement complained of has been made.

We think the court very properly overruled the opposition of the attorney of absent heirs, and homologated the account.

It is therefore ordered that the judgment be affirmed with costs.